# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 2:17-cr-00205-DCN-1 |
| vs. ) | |
| ) | **ORDER** |
| ROBERT BRYAN MANSFIELD, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

      This matter is before the court on defendant Robert Bryan Mansfield's ("Mansfield") motion for reconsideration, ECF No. 96, of the court's order, ECF No. 95, denying his motion for compassionate release, ECF No. 85. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

      On January 11, 2018, Mansfield pled guilty to distribution of fentanyl resulting in death, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). On June 6, 2018, this court sentenced Mansfield to 240 months of imprisonment, the applicable mandatory minimum sentence, followed by a five-year term of supervised release. On February 10, 2021, Mansfield filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 85. On July 15, 2021, the court denied the motion. ECF No. 95. On July 29, 2021, Mansfield filed a motion to reconsider. ECF No. 96. The government did not file a response, and the time to do so has now expired. As such, the motion is now ripe for the court's review.

## II.  STANDARD

      "The Federal Rules of Criminal Procedure have no provisions governing motions for reconsideration." United States v. Fuentes-Morales, 2017 WL 541052, at *1 (D.S.C.

1

Feb. 10, 2017). "However, the rules and federal case law do recognize such motions can be proper in a criminal setting." Id. (citing Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); United States v. Dieter, 429 U.S. 6, 8 (1976) ("The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors."); United States v. Randall, 666 F.3d 1238, 1241 (10th Cir. 2011) (stating that motions to reconsider are proper in a criminal setting)). Courts look to the Federal Rules of Civil Procedure for guidance in considering these motions. Id.

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. Loren Data Corp. v. GXS, Inc., 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." Lyles v. Reynolds, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)).

### III. DISCUSSION

Upon review, the court observes that Mansfield's arguments do not fit neatly into any one of the grounds for relief under Rule 59. Regardless, after reviewing the applicable law and arguments presented in Mansfield's motion to reconsider, the court finds that Mansfield is not entitled to relief from this court.

The court stands by the reasoning of its prior order. The court's decision to deny Mansfield's motion for compassionate relief was based on its determination that no extraordinary and compelling reasons to reduce Mansfield's sentence exist and the factors set forth in 18 U.S.C. § 3553(a) weigh against a reduction. Although Mansfield argues that the court could have reduced Mansfield's sentence "to what he would have faced but for the mandatory minimum," ECF No. 95 at 1, the court has already rejected Mansfield's arguments underlying that request.[1]

Specifically, the court determined that the COVID-19 pandemic was not an extraordinary and compelling reason for relief in light of Mansfield's vaccination status and the conditions at his facility. The court acknowledges that the COVID-19 crisis is

---

[1] Mansfield specifically moved the court for "compassionate release" and framed his arguments as requesting immediate release. See generally ECF No. 85. Therefore, the court often articulated its analysis in terms of whether circumstances warranted Mansfield's "release." See, e.g., ECF No. 95 at 8. To the extent Mansfield intended to argue that the court should disregard the mandatory minimum and reduce his sentence to the guideline range of 168 to 210 months, that argument was not clear to the court. Nevertheless, Mansfield did not provide any arguments to support such a request for a sentence reduction—either in his original motion or his instant motion to reconsider— separate and apart from his arguments made in support of his request for immediate release. The court considered all Mansfield's arguments for relief under § 3582(c)(1)(A) and, as it explained in its order, found them lacking. Moreover, if Mansfield was or is arguing that compassionate relief is warranted simply because he was subject to a mandatory minimum, he cites no authority to support that argument either in his original motion or his motion to reconsider, and the court likewise finds none and therefore rejects any such argument.

not yet over, especially in light of the most recent Omicron variant outbreak. However, current information from the Centers for Disease Control ("CDC") suggests that vaccines will continue to protect against "severe illness, hospitalizations, and deaths due to infection with the Omicron variant." Omicron Variant: What You Need to Know, CDC https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html (Dec. 20, 2021). Several circuits have cast doubt on a defendant's ability to meet § 3582(c)(1)(A)'s "extraordinary and compelling reasons" requirement in light of the availability of COVID-19 vaccines. See United States v. Lemons, 15 F.4th 747, 749 (6th Cir. 2021); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); see also United States v. Baeza-Vargas, 2021 WL 1250349, at *3–4 (D. Ariz. Apr. 5, 2021) (collecting cases showing the "growing consensus" of district courts denying compassionate release when an inmate is vaccinated against COVID-19). The court does not find that the Omicron variant changes the calculus on the matter at this time.[2] Because Mansfield has a diminished risk of severe illness, hospitalization, or death from COVID-19 due to his vaccination status, the court does not find that the COVID-19 pandemic presents an extraordinary and compelling reason for a sentence reduction.[3]

---

[2] The court denies the motion without prejudice, and Mansfield may refile his motion in the event that science develops in a way that suggests that vaccines do not provide sufficient protection against COVID-19 variants.

[3] Even if Mansfield were not fully vaccinated, the court would still find that extraordinary and compelling reasons did not exist so long as he had an opportunity to be so inoculated. See, e.g., United States v. Jackson, 2021 WL 806366, at *1–2 (D. Minn. Mar. 3, 2021) ("While it is true that a petitioner who declines a COVID-19 vaccine is

Mansfield also argues that his cooperation with the government in the prosecution of his co-conspirator is an extraordinary and compelling reason for compassionate relief. In doing so, Mansfield merely repeats arguments from his compassionate release motion. While the court commends Mansfield for his cooperation, the court already considered and rejected his arguments on the matter, and the court will not countenance Mansfield's attempts to reargue the same.  Therefore, the court declines to reconsider its finding that Mansfield failed to make a sufficient showing of extraordinary and compelling circumstances that warrant compassionate relief.

Even if Mansfield had established an extraordinary and compelling reason for release or a sentence reduction, the court alternatively denied the motion based on its analysis and balancing of the § 3553(a) factors.  Mansfield does not argue that the court wrongly weighed any factors thereunder or failed to consider any pertinent facts in the balance.  Without repeating its § 3553(a) analysis here, the court continues to find that Mansfield's sentence was and is necessary to reflect the seriousness of his offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes.  Therefore, the court declines to reconsider its order denying Mansfield's motion for compassionate release.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motion to reconsider.

---

within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk.").

**AND IT IS SO ORDERED.**

_/s/ David C. Norton_

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 5, 2022**
**Charleston, South Carolina**